OPINION OF THE COURT
Per Curiam.
Christopher K. Kuehn has proffered an affidavit of resigna *186 tion wherein he acknowledges that he is the subject of an investigation into his professional conduct, which has adduced evidence, inter alia, that he misappropriated funds entrusted to him as a fiduciary for his own use and benefit. He avers that he would not be able to successfully defend himself on the merits against any disciplinary charges that might be initiated against him based on the foregoing.
Mr. Kuehn acknowledges in his affidavit that his resignation is freely and voluntarily rendered, and that he is not being subjected to coercion or duress by anyone. He is fully aware of the implications of the resignation, including being barred by Judiciary Law § 90 and the Rules of the Appellate Division, Second Department, from seeking reinstatement for at least seven years.
Mr. Kuehn avers that his resignation is submitted subject to any application which could be made by the Grievance Committee for the Tenth Judicial District for an order directing that he make restitution and that he reimburse the Lawyers’ Fund for Client Protection pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdiction of this Court to make such an order, which could be entered as a civil judgment against him pursuant to Judiciary Law § 90 (6-a) (d). He specifically waives the opportunity afforded by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.
The Grievance Committee recommends that the Court accept Mr. Kuehn’s resignation from the bar and that his name be stricken from the roll of attorneys and counselors-at-law.
Inasmuch as the proffered resignation complies with the requirements of 22 NYCRR 691.9, it is accepted, and effective immediately, Mr. Kuehn is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.
Eng, PJ., Mastro, Rivera, Skelos and Hall, JJ., concur.
Ordered that the resignation of Christopher K. Kuehn is accepted and directed to be filed; and it is further,
Ordered that pursuant to Judiciary Law § 90, effective immediately, Christopher K. Kuehn is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
Ordered that Christopher K. Kuehn shall promptly comply with this Court’s rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,
*187 Ordered that pursuant to Judiciary Law § 90, effective immediately, Christopher K. Kuehn is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
Ordered that if Christopher K. Kuehn has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).